**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ZUCHAO HE,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72383<br><br>Agency No. A099-670-043<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2013[**]
Honolulu, Hawaii

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Zuchao He petitions for review of the Board of Immigration Appeals'

("BIA") decision dismissing his appeal and denying his application for asylum and

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

Petitioner challenges the BIA's adverse credibility determination. The standards governing adverse credibility determinations under the REAL ID Act of 2005 apply. *See* Pub. L. No. 109–13, div. B, 119 Stat. 231 (2005); *see also Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

We review the BIA's adverse credibility determination for substantial evidence. *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008). Here, the BIA supported its adverse credibility determination with "specific and cogent reasons" based on specific instances in the record, *Shrestha*, 590 F.3d at 1042–43 (internal quotation marks omitted), including Petitioner's omissions from his asylum application, his wife and her mother's omissions of the same events in their statements, and Petitioner's unsatisfactory explanation for the omissions. "[E]ven minor inconsistencies, in proper circumstances, will support an adverse credibility determination," *Shrestha*, 590 F.3d at 1043 n.4; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (explaining that inaccuracies may be considered "without regard to whether . . . [they] go[] to the heart of the applicant's claim"); *Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010), and Petitioner's omissions were material. Petitioner omitted a series of dramatic events that would have provided

2

strong evidence for his asylum claim. *See Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir. 2003).

Moreover, Petitioner failed to provide a satisfactory explanation for the omissions. *See Shrestha*, 590 F.3d at 1044 (explaining that "petitioner's explanation for the inconsistency, if any, should be considered in weighing credibility"). Petitioner's claim on appeal that the details he omitted were not legally relevant at the time he filed his asylum application is unavailing. *Cf. Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004). The immigration judge provided Petitioner with the opportunity to explain the omissions and did not find the explanation persuasive.

Overall, the BIA's adverse credibility determination is supported by substantial evidence based on the totality of the circumstances. 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha*, 590 F.3d at 1040. The record does not compel us to conclude otherwise. *Morgan*, 529 F.3d at 1206.

PETITION DENIED.